258

**No. 51018.**—Protest 122174–K of B. Shackman & Co. (New York).

Opinion by OLIVER, P. J. In accordance with stipulation of counsel that the harmonicas in question are similar in all material respects to those the subject of Abstract 40586, the claim at 40 percent under paragraph 1541 was sustained.

**No. 51019.**—Protests 79161–K, etc., of Guerlain, Inc., et al. (New York).

Opinion by OLIVER, P. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 51020.**—Protests 118990–K, etc., of Lederle Laboratories, Inc. (New York).

Opinion by COLE, J. It was stipulated that the merchandise consists of beef-liver extract or pork-liver extract the same in all material respects as that passed upon in *United States* v. *Judson Sheldon Corp.* (33 C. C. P. A. 73, C. A. D. 318). In accordance therewith the claim for free entry under paragraph 1669 was sustained.

**No. 51021.**—Protests 68923–K, etc., of Mutual Supply Co. et al. (Los Angeles)

Opinion by COLE, J. It was stipulated that certain items of the merchandise consist of dried, unsalted fish the same in all material respects as that passed upon in Abstract 50242. In accordance therewith the merchandise was held dutiable as claimed.

BEFORE THE SECOND DIVISION, APRIL 17, 1946

**No. 51022.**—Protests 14943–K, etc., of Arrow Manufacturing Co., Inc., et al. (New York).

Opinion by TILSON, J. The record showed that certain items of the merchandise consist of manila hemp hats similar in all material respects to those the subject of *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218). Upon the established facts and following the authority cited the merchandise in question was held dutiable as claimed.

**No. 51023.**—Protest 50477–K of Providence Import Co., Inc. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in *Stephen Rug Mills* v. *United States* (32 C. C. P. A. 110, C. A. D. 293), and by the court's decision on remand in Abstract 50056. In accordance therewith the protest was sustained as claimed.

**No. 51024.**—Protest 998616–G of Madison Merchandise Co. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in *Stephen Rug Mills* v. *United States* (32 C. C. P. A. 110, C. A. D. 293), and by the court's decision on remand in Abstract 50056. In accordance therewith the protest was sustained as claimed.

BEFORE THE THIRD DIVISION, APRIL 17, 1946

**No. 51025.**—Petition 6407–R of W. F. Mackay (Pembina).

Opinion by KEEFE, J. From the evidence presented the court was of the opinion that there was nothing connected with the invoice papers nor any facts or circumstances known to the petitioner which would cause a reasonable man to question the correctness of the prices shown upon the invoices. In view of the fact that this was the first time the values of such merchandise had been questioned by the appraiser and inasmuch as the petitioner, as well as all parties concerned, made a full and candid disclosure of all of the facts known to them, it was held that there was no intention to defraud the revenue of the United States or to conceal or to misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

**No. 51026.**—Petition 5851–R of Fung Chong & Co. (San Francisco).

Opinion by KEEFE, J. The petition was dismissed.

BEFORE THE THIRD DIVISION, APRIL 19, 1946

**No. 51027.**—Protest 78522–K of R. U. Delapenha & Co., Inc. (New York).

Opinion by EKWALL, J. It was stipulated that the preserved ginger is composed in part of manufactured sugar, but not in chief value thereof, and is the same in all material respects as that passed upon in Abstract 45762. In accordance therewith the merchandise was held not subject to the assessment under the Sugar Act of 1937.